Caleb C. Wilkins, WSB #7-5527
John A. Martin, WSB #8-7259
COAL CREEK LAW LLC
211 W. 19th Street, Suite 300
P.O. Box 467
Cheyenne, WY  82003-0467
P: (307) 634-1525
F: (307) 638-7335
cwilkins@coalcreeklaw.com
jmartin@coalcreeklaw.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MAGATTE WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 25-CV-00285-SAH |
| | ) |
| PROSPERA AFRICA LLC, NEWAY CAPITAL LLC, ERICK BRIMEN, NICHOLAS DRANIAS, and TOM MURCOTT, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' PROSPERA AFRICA LLC'S AND NEWAY CAPITAL LLC'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER DENYING THE UNOPPOSED MOTION FOR LEAVE TO FILE CORPORATE DISCLOSURE AS NON-PUBLIC AND ORDER REQUIRING PUBLIC DISCLOSURE OF CONFIDENTIAL INFORMATION**

COME NOW, Defendants Próspera Africa LLC, and NeWay Capital LLC, by and through their attorneys, Caleb C. Wilkins and John A. Martin of Coal Creek Law LLC and hereby submit their *Motion for Reconsideration of the Magistrate Judge's Order Denying the Unopposed Motion for Leave to File Corporate Disclosure as Non-Public* and *Order Requiring Public Disclsoure of Confidential Information*.

## BACKGROUND

On February 12, 2026, the Court ordered Defendants PALLC and NeWay to submit a disclosure statement in accordance with Rule 7.1(b) of the Federal Rules of Civil Procedure no

later than February 18, 2026. (ECF No. 27). As Defendants Próspera Africa LLC ("PALLC") and NeWay Capital LLC ("NeWay") are limited liability companies, courts require disclosure of every member of an LLC and, where the member of an LLC is an LLC, disclosure of every one of its members. *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021). PALLC's sole member since Ms. Wade's departure is NeWay. NeWay has several members that are LLCs. Roatan Ventures, LLC ("RV") is one of those LLCs. Upon information and belief, RV has numerous passive (non-voting profit interest holding) members with *de minimus* interests. *See* (ECF No. 32-1).

NeWay timely filed their *Unopposed Motion for Leave to File Corporate Disclosure as Non-Public* ("Unopposed Motion"). (ECF No. 30). The Motion requested "the Court [to] allow NeWay to file: (1) a redacted version of its corporate disclosure as public; and (2) an unredacted version of its corporate disclosure as non-public." *Id.* ¶ 5. This request sought to provide NeWay's full and unredacted membership list to the Court and opposing counsel while protecting the identities of passive, minority investors who maintained a reasonable expectation of privacy under state and federal law. *Id.* ¶ 4. Thus, NeWay narrowly-tailored its request to "*only* redact the names of its members who have less than 10% interest [but] include the citizenship of those members" in the public filing. *Id.* ¶ 6 (emphasis added). Stated differently, the full membership list with the names and identities of the passive investors would be included in the nonpublic filing and fully available for review by the Court and opposing counsel. *Id.* ¶¶ 5–6.

On February 25, 2026, the magistrate judge denied the unopposed Motion and entered the following Text-Only Order:

> (TEXT-ONLY) ORDER by U.S. Magistrate Judge Stephanie A. Hambrick denying Defendants' Erick Brimen, Nicholas Dranias, Tom Murcott, Neway Capital LLC, Prospera Africa LLC's Unopposed [30] Motion for Leave to file Corporate Disclosure Statement as Nonpublic. The Court finds that Defendants have not

> overcome the presumption that the public has a right to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). This presumption maintains the integrity of the judicial process. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). The Court recognizes that the presumption is low "when the documents 'play a negligible role'" in the deployment of judicial duties. *No Spill, LLC v. Scepter Canada*, 18-cv-2681-HLT-KGG, 2021 WL 4079062, at *1 (D. Kan. Sep. 8, 2021) (citations omitted). But here, the Court requires the identities of all members of an LLC to determine whether the Court has personal jurisdiction over all parties. *See* 28 U.S.C. § 1332(c)(1); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015). Moreover, Defendants' argument that its self-implemented policy and the industry standard are reasons sufficient to overcome the presumption of public access falls short. Accordingly, the Court DENIES Defendants' Motion for Leave to file Corporate Disclosure Statement as Nonpublic.

(ECF No. 34) ("Text-Only Order"). Shortly thereafter, the magistrate judge issued the following Text-Only Order:

> (TEXT-ONLY) Notice requiring Prospera Africa LLC and NeWay Capital LLC to Submit a Public Disclosure Statement in accordance with Fed.R.Civ.P. 7.1(b) which includes names and domiciles of all members of the LLCs. Disclosure Statement for Defendants are due: 3/5/2026. (Court Staff, sbjk)

(ECF No. 36). Since the two orders are substantially similar and inextricably intertwined, they are treated as the same in this Motion and collectively referred to as the Text-Only Order. For the reasons expressed below, the magistrate judge's Text-Only Order is respectfully clearly erroneous and must be reconsidered and reversed.

## RELEVANT LAW

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Local Rule 74.1, the Court may reconsider any pretrial order by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Rule 7.1 provides that a disclosure statement "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor ... when the action is filed in or removed to federal court." Fed. R. Civ. P. 7.1(a)(2)(A). The purpose is "to facilitate an early and accurate determination of

jurisdiction." Fed. R. Civ. P. 7.1, advisory comment to the 2022 amendments. Advisory comments contemplate that "the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure." *Id.*

## ARGUMENT

PALLC and NeWay respectfully submit that reconsideration is warranted because multiple substantive and procedural errors undermine the magistrate judge's Text-Only Order. First, the ruling rests on the mistaken premise that the Court would be deprived of the information necessary to assess jurisdiction, despite PALLC and NeWay's request to provide the full, unredacted member list as non-public. Second, it directly conflicts with the prior orders of the Court. Specifically, the Court already entered a Protective Order which expressly authorizes sensitive investor information to be filed confidentially and under seal. (ECF No. 33). Further, the Court has already permitted nonpublic filings in this case, including those containing privileged and confidential communications similar to the passive investor list. *See* (ECF No. 21). Additionally, the Text Only Order is in apparent conflict with orders issued in a related case before the United States District Court for the Western District of Texas. *Ex. A* (allowing the same passive investor lists to be filed as non-public in a Text Order entered on January 22, 2026, and SEALED Suppemental Rule 7 Disclosure Statement filed on Februry 18, 2026). Third, compelling public disclosure of passive investors is generally contrary to the purpose of Wyoming LLC statutes, federal reporting requirements, and recognized privacy expectations while simultaneously violating the passive investors' First and Fifth Amendment rights under the U.S. Constitution. For these reasons, and as outlined below, the magistrate judge's decision is clearly erroneous, contrary to law, and should be reconsidered.

4

**I.     The Request in the Unopposed Motion Would Allow the Court to Ascertain Jurisdiction—the Very Purpose of the Rule.**

First, the magistrate judge seemed to understand that the Court would not be able to access the nonpublic filing by concluding that "the Court requires the identities of all members of an LLC to determine whether the Court has personal jurisdiction over all parties." (ECF No. 34). However, this is incorrect. NeWay specifically requested to file "an unredacted version of its corporate disclosure as non-public." (ECF No. 30, at ¶ 5). Because the Court will be able to access the nonpublic filing, the Court will be supplied with the necessary information for the purpose of ascertaining jurisdiction. *See* Fed. R. Civ. P. 7.1, advisory comment to the 2022 amendments. Additionally, opposing counsel has been provided the unredacted versions pursuant to the confidentiality order issued by the Court. Thus, PALLC's and Neway's proposed redacted disclosure fully satisfies this purpose by providing the Court and opposing counsel full disclosure of all ownership information while protecting the identity of passive investors.

This misunderstanding is further reflected by the legal support provided by the magistrate judge. In its reasoning, the magistrate judge cited 28 U.S.C. § 1332(c)(1) and *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233 (10th Cir. 2015). However, 28 U.S.C. § 1332(c)(1) pertains to corporations and provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Conversely, *Siloam Springs Hotel,* dealt with different questions, stating "this court must reject [defendant's] request to determine the citizenship of [plaintiff] by reference to its state of organization and the state of its primary business operations." 781 F.3d at 1238. Citations to these sources reflect a misunderstanding of the request, as PALLC and NeWay clearly intended to provide the full and unredacted membership list to the Court and Plaintiff's counsel.

5

## II. The Motion Satisfies Rule 7.1, and the Text-Only Order Directly Conflicts With the Western District of Texas and this Court's Protective Order.

Second, NeWay's actual request falls squarely within the purpose of Fed. R. Civ. P. 7.1 as noted in the advisory comments of the same. The Rule 7.1 advisory comments expressly recognize that the identities of LLC members may be withheld, even from opposing parties, when necessary to protect significant privacy interests. Fed. R. Civ. P. 7.1, advisory comment to the 2022 amendments. A public disclosure of such information is far more intrusive than disclosure to an opposing party, yet that is what the magistrate judge is requiring. As noted above, the United States District Court for the Western District of Texas, in a related matter, addressed the exact issue before the Court and allowed non-public filing of the names of the passive investors in a January 22, 2026 order. *Ex. A*. Therefore, the magistrate judge's Text-Only Order would undermine the sister-court's order and the other orders of this Court.

The Text-Only Order conflicts with the Court's Order Granting the Parties' Stipulated Protective Order ("Protective Order") and other orders issued in related cases. (ECF No. 33). In the Protective Order, NeWay is permitted to mark "internal business documents which are sensitive in nature, including but not limited to the names of passive investors" as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.* ¶¶ 4–5. The Protective Order further provides that "[w]henever any document or pleading designated as 'CONFIDENTIAL' or 'CONFIDENTIAL – ATTORNEYS' EYES ONLY' is filed with the Court, such document or pleading shall be *filed under seal*." *Id.* ¶ 12. Thus, the magistrate judge improperly denied the Motion after entry of the Protective Order.

And even prior to the entry of the Protective Order, the magistrate judge has allowed several filings to be designated as non-public based on Plaintiff's request. *See* (ECF No. 21). Specifically, the Parties are bound by underlying confidentiality agreements that require this

6

information to remain nonpublic, and those protections were necessary because prior filings included privileged and confidential communications that, if publicly disclosed, could have created potential legal exposure for Plaintiff.[1] Accordingly, it is respectfully noted that various filings throughout the docket were permitted to be designated as non-public for this reason. As set forth below, the identities of the passive investors must be made non-public as such information is also confidential.

### III. The Text-Only Order Sets Bad Precedent of Inexplicable Magnitude by Allowing the Judiciary to Require More Information to be Disclosed to *the Public* Than the State and Federal Legislatures Require.

Third, the Text-Only Order is in tension with broader public-policy considerations that extend beyond the intended scope of federal or judicial authority. Viewed through the lens of federal–state balance-of-powers principles, Wyoming LLC law is known for stringent confidentiality protections of LLC owner identities. *See* Wyo. Stat. Ann. § 17-29-201 *et seq.* In addition, viewed through the principles governing the balance of authority between the judiciary and Congress, federal reporting mandates address the disclosure of specific beneficial ownership interests. An example is found in 31 U.S.C. § 5318, which is cited in the Unopposed Motion. That statute provides for Anti-Money Laundering ("AML") and Know Your Customer ("KYC") provisions. *See* 31 U.S.C. § 5318(h). Under that statute, the Department of Treasury proscribes that banks must "identify and verify beneficial owners of legal entity customers and to include such procedures in their anti-money laundering compliance program." 31 C.F.R. § 1010.230. A "beneficial owner" is one who "exercises substantial control over the entity" or "owns or controls

---

[1] As noted *Defendants' Motion to Stay Proceedings in Favor of Arbitration or, in the Alternative, Motion to Dismiss*, Defendants believe this matter should be dismissed or stayed without further consideration of the merits. (ECF No. 25). As noted in such motion, PALLC is actively suing Ms. Wade before the American Arbitration Association asserting breach of fiduciary duties, in part, related to her disclosure of confidential information such as the identity of PALLC's industry contacts.

not less than 25 percent of the ownership interests of the entity." 31 U.S.C. § 5336(a)(3). Further, under Corporate Transparency Act, 31 U.S.C. § 5336(b) generally provides that, standard KYC disclosure and investigation typically does not require disclosure deeper than the 25% beneficial ownership/control-person threshold.[2] Thus, it would create an unusual inconsistency for the judiciary to require more disclosures than Congress requires in tracking potential money-laundering schemes for the mere purpose of ascertaining jurisdiction.

For these reasons, the problem with requiring public disclosure of such passive investors is evident. Such a result would completely erode Wyoming's allowance to organize LLCs anonymously and require more disclosure than Congress permits. The Court can readily envision a scenario in which a plaintiff asserts frivolous claims under diversity jurisdiction for the sole purpose of obtaining confidential investor information.

Indeed, public disclosure of passive investors can violate those expectations and breach contractual duties. Both PALLC and NeWay have contractual obligations in their respective Operating Agreements to keep such information confidential. *Brimen Dec.*, ¶¶ 2–3. More glaringly, a person could use such information to harm the reputation of individuals who invest in companies with which they personally disagree. Because passive investors often have no control, influence, or participation in the management of a business, publishing their identities would expose them to: (1) harassment or reputational harm; (2) unwarranted public scrutiny; (3) commercial retaliation from competitors or adversaries of the company; and (4) damage to

---

[2] Section 5336 was recently deemed unconstitutional for reasons that are highly applicable here. *See Small Bus. Ass'n of Mich. v. Yellen*, 769 F. Supp. 3d 722, 731 (W.D. Mich. 2025) (holding that 31 U.S.C. § 5336 *inter alia* because "the history and tradition of unintrusive state laws has given Plaintiffs every reason to expect privacy in their BOI"). This principle applies even more so now, as NeWay offered to disclose their beneficial owners AND those holding more than a 10%, where the statute merely requires 25%. Compelled disclosure may also affect other constitutional rights. *See Nat'l Ass'n for Advancement of Colored People v. Alabama ex rel. Patterson*, 357 U.S. 449, 466 (1958) (holding that First Amendment prohibited disclosure of a membership list); *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 618 (2021) (requiring a charity to disclose donor lists "impose[d] a widespread burden on donors' associational rights").

unrelated business ventures. Such a result would chill lawful investment activity and disincentivize investors from investing in NeWay. *Brimen Dec.*, ¶ 6. Therefore, NeWay's investors reasonably accepted membership interests in NeWay with the reasonable expectation that their identities would remain confidential if their ownership was passive and below 10% beneficial ownership.

Further, such information qualifies as trade secrets. "Trade secret" is defined as "all forms and types of financial, business, scientific, technical, economic, or engineering information... [that] derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3); *see* Wyo. Stat. Ann. § 40-24-101(iv). Here, NeWay's investor list—i.e., business and financial information—largely "represents years of relationship-building, due-diligence investment, and credibility development within a specialized, capacity-constrained investor community focused on high-risk frontier-market special economic zone ventures." *Brimen Dec.*, ¶ 4. NeWay's investor network—generated through "proprietary introductions, reputational capital, and deal-structuring expertise"—could not be replicated through public channels. *Id.* However, the magistrate judge's Text-Only Order would allow competitors to access such information.

On this point, a party armed with a competitor's list of NeWay's passive investors could readily exploit that information to target those same investors for fundraising efforts, gain insight into the competitor's financial backing and growth trajectory, or attempt to influence future capital allocations. *Brimen Dec.*, ¶ 5. If obtained improperly or weaponized to interfere with business relationships, such disclosures could expose parties to significant legal risks, including allegations of trade-secret misappropriation or breaches of confidentiality obligations. *See Id.* In this way, compelled public disclosure of passive investors would not merely risk reputational or economic

harm—it would affirmatively provide competitors with a roadmap to undermine a business's financing, strategy, and investor relationships, which would chill legitimate investment activity. *Id.*

Therefore, the precedent set by the magistrate judge's Text-Only Order will cause irreparable harm to businesses and the State of Wyoming. It would frustrate the economic policies promoted by Wyoming's LLC framework and Congress, while fundamentally harming NeWay's competitive advantages. Accordingly, reversal is warranted.

## CONCLUSION

For the foregoing reasons, PALLC and NeWay respectfully request that the Court reconsider and vacate the magistrate judge's Text-Only Order (ECF No. 34 & 36) denying the *Unopposed Motion for Leave to File Corporate Disclosure as Non-Public* and requiring the public filing of confidential information. The magistrate judge's ruling was clearly erroneous, contradicted the procedural protections already ordered by the Court, misapplied the governing legal standards, and failed to account for the irreparable harm that public disclosure of passive investors would cause. To reiterate, the Court will have the necessary information it needs to ascertain jurisdiction through the non-public filing.[3] Reconsideration is therefore warranted, and PALLC and NeWay request that the Court reverse the Text-Only Order and (ECF No. 36).

---

[3] For the avoidance of any confusion, Defendants have served Plaintiff's counsel with an affidavit of corporate counsel for NeWay and all known and relevant organizational documents, membership transfer documents, and related documentation subject to the AEO provisions of the Protective Order. Undersigned counsel intends to file the same with the Court immediately upon approval to file the same as non-public. Such documents contain all known information pertaining to ownership in RV.

10

DATED this 3rd day of March, 2026.

        PROSPERA AFRICA LLC; and NEWAY CAPITAL LLC;

By: */s/ Caleb C. Wilkins*
Caleb C. Wilkins, WSB #7-5527
John A. Martin, WSB #8-7259
COAL CREEK LAW LLC
211 W. 19th Street, Suite 300
P.O. Box 467
Cheyenne, WY 82003-0467
P: (307) 634-1525
F: (307) 638-7335
cwilkins@coalcreeklaw.com
jmartin@coalcreeklaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of March 2026, a true and correct copy of the foregoing **DEFENDANTS' PROSPERA AFRICA LLC'S AND NEWAY CAPITAL LLC'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER DENYING THE UNOPPOSED MOTION FOR LEAVE TO FILE CORPORATE DISCLOSURE AS NON-PUBLIC AND ORDER REQUIRING PUBLIC DISCLOSURE OF CONFIDENTIAL INFORMATION** was served by CM/ECF e-service upon the following:

    Hirst Applegate, LLP
    Attn: Khale J. Lenhart & Catherine M. Mercer
    klenhart@hirstapplegate.com
    cmercer@hirstapplegate.com

and was sent via US Mail, First Class postage prepaid, and email to the following:

    Benesch, Friedlander, Coplan & Arnoff
    Attn: Eric Schlabs, Rena Andoh,
    7155 Avenue of the Americas
    New York, NY 10036
    eschlabs@beneschlaw.com
    randoh@beneschlaw.com

        Benesch, Friedlander, Coplan & Arnoff
        Attn: Kate Watson Moss & Olivia Sullivan
        71 S. Wacker Drive, Suite 1600
        Chicago, IL 60606
        kwatsonmoss@beneschlaw.com
        osullivan@beneschlaw.com

                                                */s/ Caleb C. Wilkins*
                                                COAL CREEK LAW LLC